**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TOWN OF SOUTHAMPTON, NEW YORK,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR and SCOTT DAVIS,<br><br>*Defendants*. | Civil Action No. 1:25-cv-02541 (CJN) |

**ORDER**

Intervenor-Defendant Shinnecock Nation's moves to transfer this case to the United States District Court for the Eastern District of New York. ECF 17. Plaintiff Town of Southampton opposes the motion, *see* ECF 24, and the government takes no position, *see* ECF 23. For the reasons that follow, the Court grants the Nation's motion.

A district court may transfer a case to another venue "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a)). "Courts retain broad discretion in balancing the asserted convenience and fairness to the parties." *Onyeneho v. Allstate Ins. Co.*, 466 F.Supp.2d 1, 3 (D.D.C. 2006). "The moving party bears the burden of showing that transfer is proper." *Id.* To determine whether a transfer motion should be granted, the Court "conducts a two-step inquiry." *US Dominion, Inc. v. Herring Newtorks, Inc.*, 639 F. Supp. 3d 143, 158 (D.D.C. 2022). "First, the Court must consider whether the transferee forum is one where the action might have been brought originally." *Id.* (internal quotation marks omitted). Second, the Court must consider "whether private and public interest factors weigh in favor of transfer." *Forest Cty. Potawatomi Cmty. v. United States*, 169 F. Supp. 3d 114, 117 (D.D.C. 2016). Because it is

undisputed that this action could have been brought in the Eastern District of New York, *see* ECF 24 at 14, the Court need only consider the second inquiry.

There are three public interest factors that courts consider: "(1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home." *US Dominion*, 639 F. Supp. 3d at 159 (internal quotation marks omitted). There are six private interest factors: "(1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the ease of access to sources of proof." *Id.* at 158–59 (internal quotation marks omitted).

As to the public interests, the first is neutral because "[f]ederal law governs this case, and as federal courts, both this district and the [Eastern] District of [New York] are equally familiar with applying it." *McAfee, LLC v. U.S. Citizenship & Immigr. Servs.*, 2019 WL 6051559, at *1 (D.D.C. Nov. 15, 2019) (internal quotation marks omitted). The Town's argument that courts in this district adjudicate APA cases more frequently than those in the Eastern District of New York is unpersuasive. *See* ECF 24 at 23–24. The relevant inquiry is not whether one district encounters the governing law more often, but instead whether Plaintiff's claims "could be handled *competently* by a court in either district." *Aishat v. U.S. Dep't of Homeland Sec.*, 288 F. Supp. 3d 261, 271 (D.D.C. 2018) (emphasis added).

As for the the relative congestion of the courts, the median time interval from filing to disposition in civil cases is longer in the District of Columbia (7.5 months) than the Eastern District of New York (6.4 months). *See* ECF 17-1 at 14. But the Eastern District of New York has a greater overall case load and a greater number of pending cases per judge. *See* ECF 24 at 25–26.

These competing measures do "not clearly push in either direction." *Alaska Indus. Dev. & Exp. Auth. v. U.S. Dep't of Interior*, 2024 WL 756602, at *5 (D.D.C. Feb. 23, 2024); *see id.* ("At most, the Court finds that the greater case burden per judgeship in in this District *slightly* favors transfer, but this factor plays a *minor* role in the Court's analysis." (emphasis added)); *McAfee*, 2019 WL 6051559, at *1 (finding the second public interest factor neutral where the District of Columbia court had longer wait times and the Central District of California had a significantly higher case load).

Finally, "the third, and perhaps most important factor—the interest in having local controversies decided at home—tips heavily in favor of transfer." *Pres. Soc'y of Charleston v. U.S. Army Corps of Eng'rs*, 893 F. Supp. 2d 49, 54 (D.D.C. 2012). The Town challenges an agency determination that a parcel of land called Westwoods is restricted fee land held by the Nation. *See generally* ECF 1; *see also* ECF 17-3, Ex. A. The Town, the Nation, and Westwoods are all in the Eastern District of New York. Thus, "[t]here can be little doubt that the impact of this case will be felt primarily—and more likely exclusively—in [the Eastern District of New York]." *Alaska v. Dep't of the Interior*, 2025 WL 1730193, at *8 (D.D.C. June 23, 2025); *see also Kinsella v. Bureau of Ocean Energy Mgmt.*, 2022 WL 16852674, at *2 (D.D.C. Nov. 10, 2022) ("The Court finds that the first public-interest factor weighs heavily in favor of transfer because the South Fork project directly affects the rights of residents of the transferee district, while having no impact at all on the residents of the District of Columbia."). The fact that the Town challenges an administrative process and agency decision that took place in D.C. does not change the local interest of this suit. *See Kinsella*, 2022 WL 16852674, at *3 ("[T]here is nothing to suggest that BOEM's approval of the project will have any impact whatsoever in the District of Columbia.").

Turning next to the private interest factors, all but one are either neutral or favor transfer. The Nation (an Intervenor-Defendant here) prefers the Eastern District of New York. *See Wolfram Alpha LLC v. Cuccinelli*, 490 F. Supp. 3d 324, 332 (D.D.C. 2020) ("Transfer is favored when defendants' preferred forum is also the plaintiff's home forum."). And, as discussed, while the Department's decision regarding the legal status of Westwood took place in D.C., the impacts of this case will be felt almost exclusively in the Eastern District of New York. *See Alaska*, 2025 WL 1730193, at *10 (holding that the third private interest factor—where the claim arose—"weigh[ed] moderately in favor of transfer" because the impacts of the case were going to "be felt exclusively in Alaska" despite the challenged decisions having been made in D.C.); *see also Pueblo v. Nat'l Indian Gaming Comm'n*, 731 F. Supp. 2d 36, 42 (D.D.C. 2010). Because this is an APA case "that will likely be decided at summary judgment on the basis of the administrative record," the fourth, fifth, and sixth private-interest factors "weigh neither in favor of nor against transfer."[1] *Wilderness Workshop v. Harrell*, 676 F. Supp. 3d 1, 7 (D.D.C. 2023). To be sure, the Town chose the District of Columbia as its forum, and that choice is ordinarily afforded "great deference." *Shawnee Tribe v. United States*, 298 F. Supp. 2d 21, 24 (D.D.C. 2002). But "that choice is conferred considerably less deference when it is not the plaintiff's home forum, has few factual ties to the case at hand, and defendants seek to transfer to plaintiff's home forum." *Bourdon v. U.S. Dep't of Homeland Security*, 235 F. Supp. 3d 298, 305 (D.D.C. 2017). The District of Columbia is not the Town's home forum, it has few (if any) factual ties to the case, and the Nation seeks to transfer this case to the Town's home forum. The Town's preference for

[1] While the Town notes that lead counsel for both it and the Nation are based here in D.C., the location of counsel "carries little, if any, weight" in the change-of-venue analysis. *See Wyandotte Nation v. Salazar*, 825 F. Supp. 2d 261, 270 (D.D.C. 2011) (internal quotation marks omitted).

the District of Columbia "thus receives no special deference and is instead the lone interest that cuts against transfer."[2] *McAfee, LLC*, 2019 WL 6051559, at *2.

In sum, none of the private interest considerations weigh heavily in favor of transfer. And the public interest considerations, especially the interest in having local controversies decided at home, outweigh the minimal deference conferred to the Town's choice of forum. *Cf. Pueblo*, 731 F. Supp. 2d at 42.

Accordingly, it is hereby

**ORDERED** that the Nation's Motion to Transfer Venue, ECF 17, is **GRANTED**; and it is further

**ORDERED** that this case shall be **TRANSFERRED** to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1404(a).

DATE: September 29, 2026

CARL J. NICHOLS
United States District Judge

[2] The Nation argues that in addition to the public and private interest factors, "the existence of a case involving substantially similar issues first filed by the Nation in the Eastern District of New York supports transfer of this case as well." ECF 17-1 at 17. Because the Court finds transfer appropriate after weighing the private and public interest factors, it need not consider the Parties' arguments regarding the first-filed rule.